# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re: **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**

Case No. _____

**Debtors**

Chapter **7** _____

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **5** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: **6/4/2008** _____

Signed: **s/ KENNETH J. MONINGHOFF** _____
**KENNETH J. MONINGHOFF**

Dated: **6/4/2008** _____

Signed: **s/ VICKI I. MONINGHOFF** _____
**VICKI I. MONINGHOFF**

Signed: **/s/Bruno Bellucci, III** _____
**BRUNO BELLUCCI, III**
Attorney for Debtor(s)
Bar no.: **BB-6378**
**LAW OFFICES OF BRUNO BELLUCCI, III**
**P.O. BOX 359**
**747 SHORE ROAD**
**LINWOOD, NJ 08221**
Telephone No.: **609-601-1500**
Fax No.: **609-601-8393**
E-mail address: **belluccilaw@comcast.net**

ACADEMY COLLECTION SERVICE, INC.
10965 DECATUR RD.
PHILADELPHIA, PA. 19154

AMERICAN EXPRESS
P.O. BOX 297812
FT. LAUDERDALE, FL 33329

AURORA LOAN SERVICES
10350 PARK MEADOWS DR.
LITTLETON, CO 80124

BANK OF AMERICA-FIA CARD SERVICES
P.O. BOX 15726
WILMINGTON, DE 19886

BENEFICIAL SAVINGS BANK
530 WALNUT ST.
PHILADELPHIA, PA 19106

BEST BUY-RETAIL SERVICES
P.O. BOX 17298
BALTIMORE, MD 21297

CANNON FINANCIAL SERVICES
100 GAITHER DR.
MT. LAUREL, NJ 08054

CHASE AUTO FINANCE
P.O. BOX 901076
FT. WORTH, TX 76155-2732

CHASE CARDMEMBER SERVICES
P.O. BOX 15153
WILMINGTON, DE 19886

CITIBANK HOME DEPOT MASTERCARD
CARD SERVICE CENTER
P.O. BOX 6925
THE LAKES, NV 88901


COMMERCE BANK
1701 ROUTE 70 EAST
CHERRY HILL, NJ 08034


CORPORATE PAYMENT SERVICES-GECFI
P.O. BOX 410406
WILMINGTON, DE 19886


DISCOVER CARD
P.O. BOX 15251
WILMINGTON, DE 19886


DONALD J, WEISS, ESQ.
6 HILLOCH LANE
CHADDS FORD, PA 19317


ENCORE RECEIVABLE MANAGEMENT
P.O. BOX 3330
OLATHE, KS 66063


FIRST GLOBAL LEASING
ATTN: McCARTHY, BURGESS & WOLFF
26000 CANNON RD.
CLEVELAND, OH 44146


GE MONEY BANK
P.O. BOX 960061
ORLANDO, FL 32896


HILTON GRAND VACATIONS COMPANY
6355 METROWEST BLVD., SUITE 180
ORLANDO, FL 32835

HOME DEPOT CREDIT SERVICES
ATTN: GC SERVICES LIMITED PARTNERSHIP
6330 GULFTON RD.
HOUSTON, TX 77252


HOMECOMINGS FINANCIAL
P.O. BOX 205
WATERLOO, IA 50704


HSBC CARD SERVICES
P.O. BOX 37281
BALTIMORE, MD 21297


INTERNAL REVENUE SERVICE
5218 ATLANTIC AVE. SUITE 101
MAYS LANDING, NJ 08330


LORD AND TAYLOR
P.O. BOX 960035
ORLANDO, FL 32896


MACY'S
P.O. BOX 183083
COLUMBUS, OH 43218


NATIONWIDE CREDIT, INC.
3010 CORPORATE WAY
MIRAMAR, FL 33025


NISSAN MOTOR ACCEPTANCE CORP.
P.O. BOX 660366
DALLAS, TX 75266


PAETEC
600 WILLOWBROOK OFFICE PARK
FAIRPORT, NY 14450

```
PETER MILLIGAN, ESQ.
1960 ROUTE 70 EAST
CHERRY HILL, NJ 08003




PNC BANK AUTO FINANCE
CONSUMER LOAN CENTER
2730 LIBERTY AVE.
PITTSBURGH, PA 15222




PNC BANK, NA
CONSUMER LOAN CENTER
2730 LIBERTY AVE.
PITTSBURGH, PA 15222




SAM'S CLUB
P.O.BOX 530970
ATLANTA, GA 30353




SEARS CREDIT CARDS
P.O. BOX 183082
COLUMBUS, OH 43218




THE LUXOR COLLECTION
518 BLVD., DANIEL-JOHNSON
SAINT-JEROME, QUEBEC J7Y-4C5




THE NEW YORK TIMES
INTERNATIONAL MEDIA CONCEPTS, INC.
P.O. BOX 437
NEW HYDE PARK, NY 11040




THOMAS L. EARP, ESQ.
20 BRACE RD.
CHERRY HILL, NJ 08034




UNITED RECOVERY SYSTEMS, LP
P.O. BOX 722929
HOUSTON, TX 77272
```

VICTORIA'S SECRET-WFNNB
P.O. BOX 659728
SAN ANTONIO, TX 78265


WEINSTEIN SUPPLY
A DIVISION OF HAJOCA CORP.
3155 TERWOOD RD.
WILLOW GROVE, PA 19090


WINSTON & WINSTON, P.C.
295 MADISON AVE., SUITE 930
NEW YORK, NY 10017


WU & ASSOCIATES
597 DEER RD.
CHERRY HILL, NJ 08003

**B 1 (Official Form 1) (1/08)**

| United States Bankruptcy Court<br>District of New Jersey | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**MONINGHOFF, KENNETH, J.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**MONINGHOFF, VICKI, I.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**I AM IMPRESSES KITCHENS, LLC t/a I AM IMPRESSED KITCHENS**<br>**NORTH STAR BUILDERS**<br>**HEDWIG PROPERTIES** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **4511** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6524** |
| Street Address of Debtor (No. & Street, City, and State):<br>**1309 POPLAR AVE.**<br>**VOORHEES, NJ**<br>ZIP CODE **08403** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**1309 POPLAR AVE.**<br>**VOORHEES, NJ**<br>ZIP CODE **08403** |
| County of Residence or of the Principal Place of Business:<br>**CAMDEN** | County of Residence or of the Principal Place of Business:<br>**CAMDEN** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | **Nature of Debts**<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."  ☐ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **KENNETH J. MONINGHOFF, VICKI I. MONINGHOFF** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: **NONE** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X   /s/Bruno Bellucci, III                          6/4/2008 |
| | Signature of Attorney for Debtor(s)              Date |
| | **BRUNO BELLUCCI, III                        BB-6378** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **KENNETH J. MONINGHOFF, VICKI I. MONINGHOFF** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ KENNETH J. MONINGHOFF**
Signature of Debtor    **KENNETH J. MONINGHOFF**

X **s/ VICKI I. MONINGHOFF**
Signature of Joint Debtor   **VICKI I. MONINGHOFF**

Telephone Number (If not represented by attorney)

**6/4/2008**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

**Signature of Attorney**

X **/s/Bruno Bellucci, III**
Signature of Attorney for Debtor(s)

**BRUNO BELLUCCI, III  Bar No.  BB-6378**
Printed Name of Attorney for Debtor(s) / Bar No.

**LAW OFFICES OF BRUNO BELLUCCI, III**
Firm Name

**P.O. BOX 359 747 SHORE ROAD**
Address

**LINWOOD, NJ 08221**

**609-601-1500          609-601-8393**
Telephone Number

**6/4/2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

In re: **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**                    Case No. _____

                             **Debtors**                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **1309 POPLAR AVE. VOORHEES, NJ** | **Fee Owner** | **J** | **$ 320,000.00** | **$ 335,000.00** |
| **HILTON GRAND VACATIONS TIMESHARE** | **Fee Owner** | **J** | **$ 20,000.00** | **$ 37,003.00** |
| | **Total** ➢ | | **$ 340,000.00** | |

(Report also on Summary of Schedules.)

In re  **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF** ,     Case No. _____

  **Debtors**     **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **CHECKING ACCOUNT WITH COMMERCE BANK** | J | 200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **FURNITURE AND APPLIANCES** | J | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **CLOTHING AND ACCESSORIES** | J | 850.00 |
| 7. Furs and jewelry. | | **MISC. JEWELRY** | J | 1,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **PENSION** | H | **APPROX $8,000.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **MEMBERS OF  HEDWIG PROPERTIES, LLC, WITH ASSETS CONSISTING OF 9 ACRE TRACT OF LAND LOCATED IN VOORHEES, NJ** | J | 750,000.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **SOLE MEMBER OF, I AM IMPRESSED KITCHENS, LLC,  t/a I AM IMPRESSED KITCHENS** | H | 2,000.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **SOLE SHAREHOLDER IN NORTH STAR BUILDERS, INC., WITH ASSETS CONSISTING  OF 2001 ISUZU BOX TRUCK.** | H | 2,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

In re  **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**                           Case No. _____
                        **Debtors**                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 VOLKSWAGEN PASSAT** | J | **9,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2006 SAAB WAGON** | J | **15,500.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2006 SUBARU FORESTER/DAUGHTER DRIVES AND MAKES MONTHLY PAYMENT** | H | **16,500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

In re   **KENNETH J. MONINGHOFF**    **VICKI I. MONINGHOFF**     ,     Case No. _____

                   **Debtors**                                                     **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

                                      __2__    continuation sheets attached       Total    ➢     **$ 802,050.00**

                                                     (Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re  **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**      ,    Case No.  _____

                           Debtors                                            (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                            $136,875
☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **2002 VOLKSWAGEN PASSAT** | **11 USC § 522(d)(5)**<br>**11 USC § 522(d)(2)** | **2,550.00**<br>**6,450.00** | **9,000.00** |
| **CHECKING ACCOUNT WITH COMMERCE BANK** | **11 USC § 522(d)(5)** | **200.00** | **200.00** |
| **CLOTHING AND ACCESSORIES** | **11 USC § 522(d)(3)** | **850.00** | **850.00** |
| **FURNITURE AND APPLIANCES** | **11 USC § 522(d)(3)** | **5,000.00** | **5,000.00** |
| **MISC. JEWELRY** | **11 USC § 522(d)(4)** | **1,000.00** | **1,000.00** |
| **SOLE MEMBER OF, I AM IMPRESSED KITCHENS, LLC, t/a I AM IMPRESSED KITCHENS** | **11 USC § 522(d)(5)** | **2,000.00** | **2,000.00** |
| **SOLE SHAREHOLDER IN NORTH STAR BUILDERS, INC., WITH ASSETS CONSISTING OF 2001 ISUZU  BOX TRUCK.** | **11 USC § 522(d)(5)** | **2,000.00** | **2,000.00** |

B6D (Official Form 6D) (12/07)

In re   KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF                    .          Case No. _____
                                    _____                              (If known)
                                                Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**AURORA LOAN SERVICES**<br>**10350 PARK MEADOWS DR.**<br>**LITTLETON, CO 80124** | | J | **Mortgage**<br>**1309 POPLAR AVE.**<br>**VOORHEES, NJ**<br>———————<br>**VALUE $320,000.00** | | | | 275,000.00 | 0.00 |
| ACCOUNT NO.<br><br>**BENEFICIAL SAVINGS BANK**<br>**530 WALNUT ST.**<br>**PHILADELPHIA, PA 19106** | | J | **Mortgage**<br>**MEMBERS OF HEDWIG PROPERTIES, LLC, WITH ASSETS CONSISTING OF 9 ACRE TRACT OF LAND LOCATED IN VOORHEES, NJ**<br>———————<br>**VALUE $750,000.00** | | | | 685,000.00 | 0.00 |
| ACCOUNT NO.<br><br>**CHASE AUTO FINANCE**<br>**P.O. BOX 901076**<br>**FT. WORTH, TX 76155-2732** | | H | **Security Agreement**<br>**2006 SUBARU FORESTER/DAUGHTER DRIVES AND MAKES MONTHLY PAYMENT**<br>———————<br>**VALUE $16,500.00** | | | | 15,000.00 | 0.00 |
| ACCOUNT NO.  81 04585<br><br>**HILTON GRAND VACATIONS COMPANY**<br>**6355 METROWEST BLVD., SUITE 180**<br>**ORLANDO, FL 32835**<br><br><br>**WINSTON & WINSTON, P.C.**<br>**295 MADISON AVE., SUITE 930**<br>**NEW YORK, NY 10017** | | J | **Mortgage**<br>**HILTON GRAND VACATIONS TIMESHARE**<br>———————<br>**VALUE $20,000.00** | | | | 37,003.00 | 17,003.00 |

1   continuation sheets attached

                                                Subtotal  ➤                      | $  1,012,003.00 | $   17,003.00 |
                                                (Total of this page)

                                                Total  ➤                          | $ | $ |
                                                (Use only on last page)

                                                (Report also on Summary of   (If applicable, report
                                                Schedules)                   also on Statistical
                                                                             Summary of Certain
                                                                             Liabilities and
                                                                             Related Data.)

In re  <u>KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF</u>            .        Case No.   <u>                              </u>

<div align="center">Debtors</div>                                                              <div align="right">(If known)</div>

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

<div align="center">(Continuation Sheet)</div>

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. |  | J |  |  |  |  | 60,000.00 | 0.00 |
| HOMECOMINGS FINANCIAL P.O. BOX 205 WATERLOO, IA 50704 |  |  | Second Lien on Residence 1309 POPLAR AVE. VOORHEES, NJ _____ VALUE $320,000.00 |  |  |  |  |  |
| ACCOUNT NO. |  | J |  |  |  |  | 17,000.00 | 1,500.00 |
| PNC BANK AUTO FINANCE CONSUMER LOAN CENTER 2730 LIBERTY AVE. PITTSBURGH, PA 15222 |  |  | Security Agreement 2006 SAAB WAGON _____ VALUE $15,500.00 |  |  |  |  |  |
| ACCOUNT NO. |  | J |  |  |  |  | 300,000.00 | 0.00 |
| THOMAS L. EARP, ESQ. 20 BRACE RD. CHERRY HILL, NJ 08034 |  |  | Mortgage MEMBERS OF HEDWIG PROPERTIES, LLC, WITH ASSETS CONSISTING OF 9 ACRE TRACT OF LAND LOCATED IN VOORHEES, NJ _____ VALUE $750,000.00 |  |  |  |  |  |

Sheet no. <u>1</u> of <u>1</u> continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal  ➤
(Total of this page)

| | |
|---|---|
| $    377,000.00 | $    1,500.00 |

Total  ➤
(Use only on last page)

| | |
|---|---|
| $  1,389,003.00 | $    18,503.00 |

(Report also on Summary of Schedules)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6E (Official Form 6E) (12/07)**

**In re**    **KENNETH J. MONINGHOFF**    **VICKI I. MONINGHOFF**      **Case No.** _____
<br>                                           Debtors                                                         (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

     Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

     Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

     * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**2**  continuation sheets attached

In re __KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF__,     Case No. _____
                                    Debtors                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **ALL ACCOUNTS** <br> **INTERNAL REVENUE SERVICE** <br> **5218 ATLANTIC AVE. SUITE 101** <br> **MAYS LANDING, NJ 08330** | | J | **TAXES** | | | | 1.00 | 1.00 | 0.00 |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▷ <br> (Totals of this page) | $ 1.00 | $ 1.00 | $ 0.00 |
| Total  ▷ <br> (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ 1.00 | | |
| Total  ▷ <br> (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ 1.00 | $ 0.00 |

B6F (Official Form 6F) (12/07)

In re  **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**                    Case No. _____
                                        **Debtors**                                                                      **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐      Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **3717 278878 61002**<br><br>**AMERICAN EXPRESS**<br>**P.O. BOX 297812**<br>**FT. LAUDERDALE, FL 33329**<br><br><br>**NATIONWIDE CREDIT, INC.**<br>**3010 CORPORATE WAY**<br>**MIRAMAR, FL 33025** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **54,973.00** |
| ACCOUNT NO.    **4800 1202 8202 8091**<br><br>**BANK OF AMERICA-FIA CARD SERVICES**<br>**P.O. BOX 15726**<br>**WILMINGTON, DE 19886** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **55,321.00** |
| ACCOUNT NO.    **4888 9301 4849 3668**<br><br>**BEST BUY-RETAIL SERVICES**<br>**P.O. BOX 17298**<br>**BALTIMORE, MD 21297** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **15,174.00** |
| ACCOUNT NO.    **ALL ACCOUNTS**<br><br>**CANNON FINANCIAL SERVICES**<br>**100 GAITHER DR.**<br>**MT. LAUREL, NJ 08054** | | **J** | **SERVICES/CREDIT ACCOUNT** | | | | **1.00** |

<u>6</u>   Continuation sheets attached

                                                                                        Subtotal  ➤  $          **125,469.00**

                                                                                        Total  ➤  $

                                        **(Use only on last page of the completed Schedule F.)**
                                **(Report also on Summary of Schedules and, if applicable on the Statistical**
                                        **Summary of Certain Liabilities and Related Data.)**

In re   **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**      Case No. _____
　　　　　　　　　　　　　　　　　**Debtors**　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.　**7021 2701 0062 2777**<br><br>**CHASE CARDMEMBER SERVICES**<br>**P.O. BOX 15153**<br>**WILMINGTON, DE 19886** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **2,408.00** |
| ACCOUNT NO.　**4118 1602 1669 3070**<br><br>**CITIBANK HOME DEPOT MASTERCARD**<br>**CARD SERVICE CENTER**<br>**P.O. BOX 6925**<br>**THE LAKES, NV 88901**<br><br>**ENCORE RECEIVABLE MANAGEMENT**<br>**P.O. BOX 3330**<br>**OLATHE, KS 66063** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **7,790.00** |
| ACCOUNT NO.　**1361520654**<br><br>**COMMERCE BANK**<br>**1701 ROUTE 70 EAST**<br>**CHERRY HILL, NJ 08034** | | **J** | | | | | **5,232.00** |
| ACCOUNT NO.　**5588 8000 0240 5720**<br><br>**CORPORATE PAYMENT SERVICES-GECFI**<br>**P.O. BOX 410406**<br>**WILMINGTON, DE 19886** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **9,780.00** |

Sheet no.  1  of 6  continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $　　**25,210.00**

Total  ➢  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**                    Case No. _____
                                          **Debtors**                                                         **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **6011 0012 0003 4348** <br><br>**DISCOVER CARD**<br>**P.O. BOX 15251**<br>**WILMINGTON, DE 19886** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **8,108.00** |
| ACCOUNT NO.   **ALL ACCOUNTS** <br><br>**DONALD J, WEISS, ESQ.**<br>**6 HILLOCH LANE**<br>**CHADDS FORD, PA 19317** | | **J** | | | | | **1.00** |
| ACCOUNT NO.   **052 0346565 000** <br><br>**FIRST GLOBAL LEASING**<br>**ATTN: McCARTHY, BURGESS & WOLFF**<br>**26000 CANNON RD.**<br>**CLEVELAND, OH 44146** | | **J** | **01/01/2005**<br><br>**CREDIT/COLLECTION ACCOUNT** | | | | **1,474.00** |
| ACCOUNT NO.   **6019 1803 6457 3341** <br><br>**GE MONEY BANK**<br>**P.O. BOX 960061**<br>**ORLANDO, FL 32896** | | **J** | **01/01/2005**<br><br>**CREDIT ACCOUNT** | | | | **1,590.00** |
| ACCOUNT NO.   **6035 3200 3095 5999** <br><br>**HOME DEPOT CREDIT SERVICES**<br>**ATTN: GC SERVICES LIMITED PARTNERSHIP**<br>**6330 GULFTON RD.**<br>**HOUSTON, TX 77252** | | **J** | **01/01/2005**<br><br>**CREDIT/COLLECTION ACCOUNT** | | | | **9,438.00** |

Sheet no.  2 of 6 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal   ➤   $          **20,611.00**

Total   ➤   $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re  **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**      Case No. _____

                                 **Debtors**                                     **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **5437 0002 8922 5247** <br><br>**HSBC CARD SERVICES** <br>**P.O. BOX 37281** <br>**BALTIMORE, MD 21297** <br><br><br>**UNITED RECOVERY SYSTEMS, LP** <br>**P.O. BOX 722929** <br>**HOUSTON, TX 77272** | | J | **01/01/2005** <br>**CREDIT ACCOUNT** | | | | **9,913.00** |
| ACCOUNT NO. **470 532 017 0** <br><br>**LORD AND TAYLOR** <br>**P.O. BOX 960035** <br>**ORLANDO, FL 32896** | | J | **01/01/2005** <br>**CREDIT ACCOUNT** | | | | **313.00** |
| ACCOUNT NO. **42 226 276 593 0** <br><br>**MACY'S** <br>**P.O. BOX 183083** <br>**COLUMBUS, OH 43218** | | J | **01/01/2005** <br>**CREDIT ACCOUNT** | | | | **865.00** |
| ACCOUNT NO. **2500 5553  819** <br><br>**NISSAN MOTOR ACCEPTANCE CORP.** <br>**P.O. BOX 660366** <br>**DALLAS, TX 75266** | | J | **ANY DEFICIENCY ON 2001 ISUZU BOX TRUCK** | | | | **1.00** |

Sheet no. <u>3</u> of <u>6</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

            Subtotal  ➢  $     **11,092.00**

            Total  ➢  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re   __KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF__   Case No. _____
          **Debtors**                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **2546093** <br><br>**PAETEC** <br>**600 WILLOWBROOK OFFICE PARK** <br>**FAIRPORT, NY 14450** | | **J** | | | | | **23.00** |
| ACCOUNT NO.   **60 3 048111158226** <br><br>**PNC BANK, NA** <br>**CONSUMER LOAN CENTER** <br>**2730 LIBERTY AVE.** <br>**PITTSBURGH, PA 15222** | | **J** | **CREDIT ACCOUNT** | | | | **1.00** |
| ACCOUNT NO.   **771 5 09 0028703643** <br><br>**SAM'S CLUB** <br>**P.O.BOX 530970** <br>**ATLANTA, GA 30353** | | **J** | **01/01/2005** <br>**CREDIT ACCOUNT** | | | | **37.00** |
| ACCOUNT NO.   **5121 0718 5563 4659** <br><br>**SEARS CREDIT CARDS** <br>**P.O. BOX 183082** <br>**COLUMBUS, OH 43218** <br><br><br>**ACADEMY COLLECTION SERVICE, INC.** <br>**10965 DECATUR RD.** <br>**PHILADELPHIA, PA. 19154** | | **J** | **01/01/2005** <br>**CREDIT ACCOUNT** | | | | **16,694.00** |

Sheet no. _4_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ $   **16,755.00**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re __KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF__          Case No. _____
                                    **Debtors**                                  (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **ALL ACCOUNTS** | | J | | | | | 1.00 |
| **THE LUXOR COLLECTION 518 BLVD., DANIEL-JOHNSON SAINT-JEROME, QUEBEC J7Y-4C5** | | | | | | | |
| ACCOUNT NO.   **812225357** | | J | **SERVICES** | | | | 156.00 |
| **THE NEW YORK TIMES INTERNATIONAL MEDIA CONCEPTS, INC. P.O. BOX 437 NEW HYDE PARK, NY 11040** | | | | | | | |
| ACCOUNT NO.   **890 466 246** | | J | 01/01/2005 **CREDIT ACCOUNT** | | | | 155.00 |
| **VICTORIA'S SECRET-WFNNB P.O. BOX 659728 SAN ANTONIO, TX 78265** | | | | | | | |
| ACCOUNT NO.   **101660** | | J | | | | | 437.00 |
| **WEINSTEIN SUPPLY A DIVISION OF HAJOCA CORP. 3155 TERWOOD RD. WILLOW GROVE, PA 19090** | | | | | | | |

Sheet no. _5_ of _6_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims



Subtotal  ➤  $                                    749.00

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**                     Case No. _____
_____
                              **Debtors**                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **ALL ACCOUNTS** | | J | | | | | 1.00 |
| **WU & ASSOCIATES**<br>**597 DEER RD.**<br>**CHERRY HILL, NJ 08003**<br><br><br>**PETER MILLIGAN, ESQ.**<br>**1960 ROUTE 70 EAST**<br>**CHERRY HILL, NJ 08003** | | | | | | | |

Sheet no.  6  of  6  continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal   ➤  $                    1.00

Total   ➤  $            199,887.00

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

In re: <u>KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF</u>     ,     Case No. <u>                    </u>
<div align="center">**Debtors**                                             **(If known)**</div>

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **JB INVESTMENTS<br>9100 STATE RD.<br>PHILADELPHIA, PA 19136** | **REJECTED LEASE ON 613 ROUTE 73 SOUTH, SUITE B, BERLIN, NJ 08009** |

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re:  **KENNETH J. MONINGHOFF   VICKI I.**
      **MONINGHOFF**
           Debtor(s)

Case No.

               (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

❑ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **s/ KENNETH J. MONINGHOFF**

**KENNETH J. MONINGHOFF**

Date: **6/4/2008**

In re: **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**          .          Case No. _____
                              **Debtors**                                                    **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

# UNITED STATES BANKRUPTCY COURT

## District of New Jersey

In re: **KENNETH J. MONINGHOFF   VICKI I. MONINGHOFF**

Case No.

_____
Debtor(s)

_____
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

       ❑  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

       **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ VICKI I. MONINGHOFF** _____
                           **VICKI I. MONINGHOFF**

Date:   **6/4/2008** _____

In re **KENNETH J. MONINGHOFF VICKI I. MONINGHOFF**  Case No. _____

Debtors  (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **SELF-EMPLOYED CONSULTANT** | **NOT WORKING** |
| Name of Employer | **U.N.I. ENGINEERING** | |
| How long employed | **1/08-PRESENT** | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ 0.00 | $ 0.00 |
| b. Insurance | | $ 0.00 | $ 0.00 |
| c. Union dues | | $ 0.00 | $ 0.00 |
| d. Other (Specify) | | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | | $ 9,533.10 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) | | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) | | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 9,533.10 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | | $ 9,533.10 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 9,533.10 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**

In re **KENNETH J. MONINGHOFF VICKI I. MONINGHOFF**,  Case No. _____
                                    **Debtors**                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,817.00 |
|     a. Are real estate taxes included?  Yes _____  No ✓ | | |
|     b. Is property insurance included?  Yes _____  No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 600.00 |
|     b. Water and sewer | $ | 50.00 |
|     c. Telephone | $ | 200.00 |
|     d. Other **CABLE TELEVISION** | $ | 125.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 125.00 |
| 4. Food | $ | 630.00 |
| 5. Clothing | $ | 80.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 284.00 |
| 8. Transportation (not including car payments) | $ | 316.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 50.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 106.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 250.00 |
|     e. Other_____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) **REAL ESTATE** | $ | 667.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 741.22 |
|     b. Other **EQUITY LOAN** | $ | 600.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 2,702.94 |
| 17. Other **TOBACCO** | $ | 110.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 9,529.16 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Average monthly income from Line 15 of Schedule I | $ | 9,533.10 |
|     b. Average monthly expenses from Line 18 above | $ | 9,529.16 |
|     c. Monthly net income (a. minus b.) | $ | 3.94 |

## United States Bankruptcy Court

## District of New Jersey

In re **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF** ,          Case No. _____

Debtors

Chapter    7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $        340.000.00 | | |
| B - Personal Property | YES | 3 | $        802.050.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $        1.389.003.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $        1.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $        199.887.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $        9.533.10 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $        9.529.16 |
| TOTAL | | 22 | $        1,142,050.00 | $        1,588,891.00 | |

In re  **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**
                                          Debtors

Case No. _____
                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**24**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **6/4/2008**_____

Signature:  **s/ KENNETH J. MONINGHOFF**_____
                        **KENNETH J. MONINGHOFF**
                                          Debtor

Date:  **6/4/2008**_____

Signature:  **s/ VICKI I. MONINGHOFF**_____
                        **VICKI I. MONINGHOFF**
                              (Joint Debtor, if any)

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

<div align="center">

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF NEW JERSEY**

</div>

<div align="center">

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

</div>

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

### 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7**: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13**: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

<div align="center">

**Certificate of Attorney**

</div>

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **BRUNO BELLUCCI, III** | /s/Bruno Bellucci, III          6/4/2008 |
| Printed Name of Attorney | Signature of Attorney                    Date |

Address:

**LAW OFFICES OF BRUNO BELLUCCI, III
P.O. BOX 359
747 SHORE ROAD
LINWOOD, NJ 08221**

**609-601-1500**

<div align="center">

**Certificate of the Debtor**

</div>

We, the debtors, affirm that we have received and read this notice.

| | |
|---|---|
| **KENNETH J. MONINGHOFF** | X **s/ KENNETH J. MONINGHOFF**          6/4/2008 |
| **VICKI I. MONINGHOFF** | **KENNETH J. MONINGHOFF** |
| | Signature of Debtor                    Date |
| Printed Name(s) of Debtor(s) | X **s/ VICKI I. MONINGHOFF**          6/4/2008 |
| | **VICKI I. MONINGHOFF** |
| Case No. (if known) | Signature of Joint Debtor                    Date |

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

In re:  **KENNETH J. MONINGHOFF**          **VICKI I. MONINGHOFF**          Case No. _____

Chapter  **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:          $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:          $ _____ **9,533.10**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)          $ _____ **0.00**
    4.  Payroll Taxes          **2,287.94**
    5.  Unemployment Taxes          **0.00**
    6.  Worker's Compensation          **0.00**
    7.  Other Taxes          **0.00**
    8.  Inventory Purchases (Including raw  materials)          **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray          **0.00**
    10.  Rent (Other than debtor's principal residence)          **0.00**
    11.  Utilities          **0.00**
    12.  Office Expenses and Supplies          **50.00**
    13.  Repairs and Maintenance          **50.00**
    14.  Vehicle Expenses          **200.00**
    15.  Travel and Entertainment          **75.00**
    16.  Equipment Rental and Leases          **0.00**
    17.  Legal/Accounting/Other Professional Fees          **40.00**
    18.  Insurance          **0.00**
    19.  Employee Benefits (e.g., pension, medical, etc.)          **0.00**
    20.  Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):
        **None**          _____

    21.  Other (Specify):

        **None**          _____

    22.  Total Monthly Expenses (Add items 3 - 21)          $ _____ **2,702.94**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)          $ _____ **6,830.16**

# United States Bankruptcy Court
# District of New Jersey

In re  **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**

Debtors

Case No. _____

Chapter  **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐    Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 1.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 1.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 9,533.10 |
| Average Expenses (from Schedule J, Line 18) | $ 9,529.16 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 6,830.16 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $18,503.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 1.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $199,887.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $218,390.00 |

Form 8
(10/05)

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In re:   **KENNETH J. MONINGHOFF    VICKI I. MONINGHOFF**

Debtors

Case No. _____

Chapter   **7**

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☐  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. **1309 POPLAR AVE. VOORHEES, NJ** | **AURORA LOAN SERVICES** | | | | X |
| 2. **MEMBERS OF HEDWIG PROPERTIES, LLC, WITH ASSETS CONSISTING OF 9 ACRE TRACT OF LAND LOCATED IN VOORHEES, NJ** | **BENEFICIAL SAVINGS BANK** | | | | |
| 3. **2006 SUBARU FORESTER/DAUGHTER DRIVES AND MAKES MONTHLY PAYMENT** | **CHASE AUTO FINANCE** | | | | X |
| 4. **HILTON GRAND VACATIONS TIMESHARE** | **HILTON GRAND VACATIONS COMPANY** | X | | | |
| 5. **1309 POPLAR AVE. VOORHEES, NJ** | **HOMECOMINGS FINANCIAL** | | | | X |
| 6. **2006 SAAB WAGON** | **PNC BANK AUTO FINANCE** | | | | X |
| 7. **MEMBERS OF HEDWIG PROPERTIES, LLC, WITH ASSETS CONSISTING OF 9 ACRE TRACT OF LAND LOCATED IN VOORHEES, NJ** | **THOMAS L. EARP, ESQ.** | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| 1. **REJECTED LEASE ON 613 ROUTE 73 SOUTH, SUITE B, BERLIN, NJ 08009** | **JB INVESTMENTS** | |

**s/ KENNETH J. MONINGHOI  6/4/2008**

**s/ VICKI I. MONINGHOFF**      **6/4/2008**

**KENNETH J. MONINGHOFF**

Signature of Debtor                    Date

**VICKI I. MONINGHOFF**

Signature of Joint Debtor (if any)          Date

In re **KENNETH J. MONINGHOFF, VICKI I. MONINGHOFF**
_____
Debtor(s)

Case Number: _____
(If known)

| According to the calculations required by this statement: |
|---|
| ☐ **The presumption arises** |
| ☑ **The presumption does not arise** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedule I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts. Joint debtors may complete one statement only.

| Part I. EXCLUSION FOR DISABLED VETERANS AND NON-CONSUMER DEBTORS |
|---|

| 1A | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Veteran's Declaration.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
|---|---|
| 1B | If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION |
|---|

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in line 2.b above. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.**<br>d. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income) for Lines 3-11.** |
|---|---|

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $0.00 | $0.00 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | $6,830.16 | $0.00 |

| | a. | Gross Receipts | $ 9,533.10 |
|---|---|---|---|
| | b. | Ordinary and necessary business expenses | $ 2,702.94 |
| | c. | Business income | Subtract Line b from Line a |

| | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. **Do not enter a number less than zero. Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| 5 | | | | | |
|---|---|---|---|---|---|
| | a. | Gross Receipts | $ 0.00 | | |
| | b. | Ordinary and necessary operating expenses | $ 0.00 | $0.00 | $0.00 |
| | c. | Rent and other real property income | Subtract Line b from Line a | | |

| 6 | **Interest, dividends, and royalties.** | $0.00 | $0.00 |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $0.00 | $0.00 |

| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $0.00 | $0.00 |
|---|---|---|---|

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $ | $ |
|---|---|---|---|

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. <br><br> a. _____ $ _____ <br> Total and enter on Line 10. | $0.00 | $0.00 |
|---|---|---|---|

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 thru 10 in Column B. Enter the total(s). | $6,830.16 | $0.00 |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 6,830.16 |
|---|---|---|

## Part III.  APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $81,961.92 |
|---|---|---|

| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence:  NJ_____    b. Enter debtor's household size:  2 _____ | $63,026.00 |
|---|---|---|

| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> ☐   **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br><br> ☑   **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |
|---|---|

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15).**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| | | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $6,830.16 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br>a. ___ $ ___<br>Total and enter on Line 17 . | $ 0.00 |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $6,830.16 |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items**. Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 925.00 |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ 108.00 |

| Household members under 65 years of age | | | Household members 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 54.00 | a2. | Allowance per member | 144.00 |
| b1. | Number of members | 2.00 | b2. | Number of members | |
| c1. | Subtotal | 108.00 | c2. | Subtotal | |

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ 556.00 |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | $ 0.00 |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,075.00 |
| b. | Average Monthly Payment for any debts secured by home, if any, as stated in Line 42. | $ 2,417.00 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☑ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court. | $ **412.00** |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ **0.00** |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1 ☑ 2 or more.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ 478.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42. | $ 741.22 |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a |

$ **0.00**

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ 478.00 |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a |

$ **478.00**

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ **667.00** |
|---|---|---|

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ **0.00** |
|---|---|---|

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ **0.00** |
|---|---|---|

| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ 0.00 |
|----|----|----|
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ 0.00 |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ 0.00 |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ 240.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service— such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ 0.00 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ 3,386.00 |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 19-32** |

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$0.00</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr><tr><td></td><td></td><td>Total: Add Lines a, b and c</td></tr></table> Total and enter on Line 34 <br> **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $ _____ | $ 0.00 |
|----|----|----|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ 0.00 |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ 0.00 |
| 37 | **Home energy costs**. Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 200.00 |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ 0.00 |

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|----|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 50.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | $ 250.00 |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
|----|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | **AURORA LOAN SERVICES** | **1309 POPLAR AVE.** | $ **1,817.00** | ☐ yes ☑ no |
| b. | **HOMECOMINGS FINANCIAL** | **1309 POPLAR AVE.** | $ **600.00** | ☐ yes ☑ no |
| c. | **PNC BANK** | **2006 SAAB WAGON** | $ **741.22** | ☐ yes ☑ no |

| | | | Total: Add Lines a, b and c | $ **3,158.22** |
|---|---|---|---|---|

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|----|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |

| | | Total: Add Lines a, b and c | $ 0.00 |
|---|---|---|---|

| 44 | **Payments on prepetition priority claims**. Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ 0.02 |
|----|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|----|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ |
|----|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x  **5.80** |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| | | | $ 0.00 |
|---|---|---|---|

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ 3,158.24 |
|----|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $6,794.24 |
|----|---|---|

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ 6,830.16 |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ 6,794.24 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ 35.92 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ 2,155.20 |

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
| | ☑ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
|---|---|---|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ 0.00 |

| | |
|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
| | ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

| | **Part VII. ADDITIONAL EXPENSE CLAIMS** |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| | Total: Add Lines a, b, and c | $ 0.00 |

| | **Part VIII: VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)* |
| | Date: __6/4/2008__          Signature: **s/ KENNETH J. MONINGHOFF** |
| | **KENNETH J. MONINGHOFF,** (Debtor) |
| | Date: __6/4/2008__          Signature: **s/ VICKI I. MONINGHOFF** |
| | **VICKI I. MONINGHOFF,** (Joint Debtor, if any) |

**Income from all other sources (continued)**

**Marital Adjustment (continued)**

**Past due payments on secured claims (continued**

| | | Name of Creditor | Property Securing the Debt in Default | 1/60th of the Cure Amount |
|---|---|---|---|---|

**Other Expenses (continued)**

| | | Expense Description | Monthly Amount |
|---|---|---|---|

## UNITED STATES BANKRUPTCY COURT
### District of New Jersey

In re:    **KENNETH J. MONINGHOFF**      **VICKI I. MONINGHOFF**      Case No. _____

           Debtors                       Chapter    **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY
## FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept                $     **2,300.00**

     Prior to the filing of this statement I have received      $     **1,500.00**

     Balance Due                                          $      **800.00**

2. The source of compensation paid to me was:

     ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

     ☑ Debtor                    ☐ Other (specify)

4. ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)    [Other provisions as needed]

       **NONDISCHARGEABILITY COMPLAINTS, IF ANY, TO BE DEFENDED ON AN HOURLY BASIS.**

       **REPRESENTATION OF DEBTOR SHALL BE CONCLUDED UPON DISCHARGE.**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

       **DEFENSE OF ANY AND ALL NONDISCHARGEABILITY COMPLAINTS.**

       **MOTIONS TO DISCHARGE OR AVOID ANY PRE-PETITION JUDGMENTS OF RECORD.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **6/4/2008** _____

                     **/s/Bruno Bellucci, III** _____
                     **BRUNO BELLUCCI, III, Bar No.   BB-6378**

                     **LAW OFFICES OF BRUNO BELLUCCI, III**
                     Attorney for Debtor(s)